375 So.2d 336 (1979)
Mary Lizzie HILLMAN, Appellant,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee.
No. 79-1448.
District Court of Appeal of Florida, Fourth District.
September 6, 1979.
Rehearing Denied October 11, 1979.
*337 Gary Caldwell of Florida Rural Legal Services, Inc., West Palm Beach, for appellant.
William M. Winkel, Palm Beach, for appellee.
DOWNEY, Chief Judge.

ON MOTION
Appellant, represented by Florida Rural Legal Services, Inc., filed a notice of appeal to review "a final order denying her affirmative defense." Thereafter, appellant filed an affidavit of insolvency in the trial court pursuant to Section 57.081, Florida Statute (1977), and moved the trial court for an order allowing appellant to proceed without prepayment of costs, relying upon Florida Appellate Rule 9.430. On July 3, 1979, the trial court denied that motion because this court, on June 21, 1979, entered an order, after receipt of the foregoing notice of appeal, directing appellant to pay the filing fee required by law or suffer dismissal of the appeal. The trial judge thus concluded he did not have "jurisdiction" to grant the motion.
We now have for consideration appellant's motion "to vacate the order of the lower tribunal dated July 3, 1979 and direct the trial court to consider said motion on its merits." Appellant asks this court to stay the effect of its order of June 21, 1979, pending resolution of her right to proceed as an indigent.
As we construe Section 57.081, Florida Statute (1977), it applies only to proceedings in trial courts. A person may not seek appellate review in a civil proceeding without payment of the filing fee required by law unless specifically authorized to do so by the Legislature. Such authorization has been granted in criminal cases.[1] However, we are unaware of any statute extending that privilege to indigent persons involved in civil proceedings.
Accordingly, in any event, appellant was not entitled to the order she sought from the trial court allowing her to proceed with her appeal without prepayment of a filing fee. In particular, she was not entitled to such an order in the face of our order of June 21, 1979, directing appellant to pay the filing fee or suffer dismissal of the appeal.
In view of the foregoing, appellant's motions filed in this cause July 10, 1979, are denied and appellant shall have 10 days from the filing of this opinion to pay the appellate filing fee or this appeal will be dismissed.
LETTS and MOORE, JJ., concur.
NOTES
[1] § 924.17, Fla. Stat. (1977).